## Iski v. HarperCollins Publishers

C.P. of Lycoming County, No. 11-02,105

*Richard Callahan*, for plaintiff.
*Brice Paul*, for defendant.

ANDERSON, *J.*, Oct. 27, 2014—Before the court is plaintiff's request for damages allegedly resulting

from intentional or negligent misrepresentations made by defendant respecting plaintiff's resignation from her employment with defendant. A trial was held on October 24, 2014. The matter is now ripe for decision and the court enters the following:

## FINDINGS OF FACT

1. Plaintiff was employed by defendant company as a full-time receiving clerk for approximately eighteen years.

2. Sometime prior to May 12, 2011, plaintiff accepted a job offer from her boyfriend's mother's company in Florida.

3. On May 12, 2011, plaintiff informed Jeff Payne, a manager with defendant company, that she wished to resign from her employment there, effective May 26, 2011, because she planned to take a job in Florida. Plaintiff asked Mr. Payne what she needed to do to effectuate the resignation. Mr. Payne informed plaintiff that she needed to fill out a form and that he would get her the form.

4. Mr. Payne informed the Human Resources Generalist, Lily King, that plaintiff needed a resignation form. Ms. King put the form on plaintiff's desk while she (plaintiff) was on a break.

5. Plaintiff completed the form after returning from her break and turned the form in to Ms. King.

6. The form requires the person completing it to state that the action of resignation is voluntary on his or her part and that he or she understands that he or she does not have any re-employment rights. The form does not mention possible rescission of the resignation.

7. After the form was turned in to Ms. King, later that day, plaintiff and the other employees were called to a

meeting at which it was announced by management that the plant would be closing in December 2011, and that any employees who worked through the closing date would be given a severance package. The package was explained at the meeting.

8. Prior to the meeting, only two people in the plant knew of the impending closure. Mr. Payne was not one of those two people. Ms. King also did not know of the impending closure.

9. After the meeting, Ms. King and plaintiff walked back to their offices. Plaintiff expressed to Ms. King relief that she had resigned. Plaintiff did not express regret.

10. Plaintiff learned within a few days to a week after tendering her resignation, that she might not be able to move to Florida because the father of her children had begun legal proceedings to prevent the move.

11. At a custody hearing on May 26, 2011, plaintiff was told by the judge that she would not be able to take the children to Florida. Plaintiff then telephoned Ms. King and informed her that she would not be moving to Florida, and requested that her last paycheck be sent to the same address she had previously used, rather than an address in Florida which had been recently provided.

12. At no time did plaintiff inquire of anyone employed by defendant company whether she could rescind her resignation and continue to be employed there.

13. Plaintiff was highly regarded as an employee by the management at defendant company and had a good working relationship with her fellow employees and managers.

14. By offering severance packages to employees,

defendant company was attempting to keep as many employees as possible to meet the work requirements they had to meet by the end of December.

15. Defendant company had no policy regarding rescission of a resignation. No one had attempted to rescind a resignation during the eleven years Ms. King worked there.

16. The employees who stayed with defendant company through the closing in December 2011 were given severance packages and were eligible for Federal Trade Act benefits.

## DISCUSSION

Plaintiff's case is based on her allegations that she was told by Jeff Payne and also by Lily King that she could not rescind her resignation. The court cannot find that such statements were made, however. The company offered a significant severance package to those employees who would stay with the company and had no reason to discourage plaintiff from staying. She was well thought of at the company and had significant experience there. Ms. King's testimony that when informed by plaintiff that she was resigning because she had a job in Florida, that she told her congratulations but did not tell her she could not rescind her resignation, is credible. Ms. King testified that no one in her eleven years with the company had ever asked to rescind their resignation and she did not think about it. She testified that there was no policy regarding such. Mr. Martin, the company's Human Resources Director, also testified that there was no policy regarding rescission of resignations. The court finds it credible that under the circumstances, the matter would not have been broached.

Plaintiff argues that there could be only one reason she would not have asked to rescind her resignation: she had been told she could not. The court is not persuaded by this argument, however. It is just as possible that plaintiff herself simply did not think to do so.

Accordingly, the court draws the following:

## CONCLUSIONS OF LAW

1. Defendant did not make any misrepresentation to plaintiff.

2. Plaintiff is not entitled to damages.

## VERDICT

And now, this day of October 2014, for the foregoing reasons, the court finds in favor of defendant and against plaintiff.